## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Annette Barnes, *on behalf of herself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| Atlantic Recovery Solutions, LLC, | |
| Defendant. | |

**Nature of this Action**

1. Annette Barnes ("Plaintiff") brings this class action against Atlantic Recovery Solutions, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

4. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

1

5. More specifically, upon information and good faith belief, Defendant routinely places calls, in connection with the collection of debts, to telephone numbers after being informed that the telephone numbers are wrong or reassigned telephone numbers.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

8. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

**Parties**

9. Plaintiff is a natural person who at all relevant times resided in Miami, Florida.

10. Defendant "is a nationally licensed, insured, bonded debt recovery agency," located in Amherst, New York.[1]

11. Defendant's website reads: "This is a web site for a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose."[2]

12. At all relevant times Defendant was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default[3]—as defined by 15 U.S.C. § 1692a(5).

---

[1] https://www.atlanticrecoverysolutions.com (last visited February 4, 2022).

[2] *Id*.

[3] *Id*. ("Our services focus on recovering debts that are past due.").

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

15. Plaintiff is, and has been since sometime in 2010, the regular and sole user of her cellular telephone number—(305) XXX-4029.[4]

16. Sometime in 2021, Defendant began placing calls to telephone number (305) XXX-4029, intending to reach someone named Ashanti Barnes.

17. On at least one occasion, in response to Defendant's calls to telephone number (305) XXX-4029, Plaintiff answered a call from Defendant, informed Defendant that she was not Ashanti Barnes—the intended recipient of Defendant's calls and artificial or prerecorded voice messages to telephone number (305) XXX-4029—informed Defendant that she did not know Ashanti Barnes, informed Defendant that it was placing calls and delivering voice messages to a wrong number, and instructed Defendant to stop placing calls and delivering voice messages to telephone number (305) XXX-4029.

18. Defendant, however, continued to place calls and deliver artificial or prerecorded voice messages to telephone number (305) XXX-4029.

19. On at least six occasions Defendant delivered to telephone number (305) XXX-4029 voice messages in connection with which it used an artificial or prerecorded voice, which state:

---

[4] Since 2010, and until approximately January 2022, Plaintiff's cellular telephone service provider was Sprint. It is now T-Mobile.

> This is ARS, this message is solely intended for Ashanti Barnes, we need to speak to you or your legal representation immediately. Please call the office back at 1-855-221-4405 to speak to the next available representative. Thank you.

To listen to the voice message, click HERE.

20. To listen to the other voice messages Defendant delivered to telephone number (305) XXX-4029, click (1) HERE; (2) HERE; (3) HERE; (4) HERE; and (5) HERE.

21. Plaintiff received and listened to the artificial or prerecorded voice messages that Defendant delivered to telephone number (305) XXX-4029.

22. Also, on a number of occasions Defendant delivered text messages to telephone number (305) XXX-4029, which state:

> Ashanti Barnes this text is from ARS.
> We need to speak to you today regarding documentation received to our office requiring your immediate attention. Please call 862-658-7300 to discuss your filing received. Please refer to File# 2519552

> Ashanti Barnes this text is from ARS.
> We need to speak to you today regarding documentation received to our office requiring your immediate attention. Please call 720-823-9858 to discuss your filing received. Please refer to File# 2519552. This communication is from a debt collector, any information will be used for this purpose.

23. Plaintiff received and read the text messages that Defendant delivered to telephone number (305) XXX-4029.

24. Plaintiff does not, nor did, have any business relationship with Defendant.

25. Plaintiff did not provide telephone number (305) XXX-4029 to Defendant.

26. Plaintiff did not give Defendant prior express consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (305) XXX-4029.

27. Defendant placed its calls to telephone number (305) XXX-4029 in an effort to reach a third party, not related to Plaintiff in any personal or professional manner.

28. Defendant placed its calls to telephone number (305) XXX-4029 for non-emergency purposes.

29. Defendant placed its calls to telephone number (305) XXX-4029 voluntarily.

30. Defendant placed its calls to telephone number (305) XXX-4029 under its own free will.

31. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the calls it placed to telephone number (305) XXX-4029.

32. Plaintiff suffered actual harm as a result Defendant's calls and artificial or prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

33. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *TCPA Class*: All persons throughout the United States (1) to whom Atlantic Recovery Solutions, LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with Atlantic Recovery Solutions, LLC, (3) in connection with which Atlantic Recovery Solutions, LLC used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.
>
> *FDCPA Class*: All persons throughout the United States (1) to whom Atlantic Recovery Solutions, LLC placed, or caused to be placed, at least one call, (2) from one year preceding the date of this class action complaint through the date of class certification, (3) in connection with the collection of a consumer debt, (4) after Atlantic Recovery Solutions, LLC was informed that that the telephone number to

which it placed the call was a wrong telephone number, a reassigned telephone number, or a telephone number not assigned to the intended recipient of the call.

35. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

37. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

38. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

39. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

40. Plaintiff's claims are typical of the claims of the members of the classes.

41. As it did for all members of the TCPA class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

42. As it did for all members of the FDCPA class, Defendant placed calls to Plaintiff's telephone number after being informed that Plaintiff was not the intended recipient of its calls.

43. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

44. Plaintiff's claims are based on the same theories as the claims of the members of the classes.

45. Plaintiff suffered the same injuries as the members of the classes.

46. Plaintiff will fairly and adequately protect the interests of the members of the classes.

47. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

48. Plaintiff will vigorously pursue the claims of the members of the classes.

49. Plaintiff has retained counsel experienced and competent in class action litigation.

50. Plaintiff's counsel will vigorously pursue this matter.

51. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

52. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

53. Issues of law and fact common to all members of the classes are:

   a. Defendant's violations of the TCPA;

   b. Defendant's violations of the FDCPA;

   c. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   d. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   e. Defendant's use of an artificial or prerecorded voice,

   f. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned telephone numbers after being informed it is calling the wrong person; and

   g. The availability of statutory penalties.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

55. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

56. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

57. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

58. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

59. The damages suffered by individual members of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

60. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

61. There will be little difficulty in the management of this action as a class action.

62. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

### Count I—Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-62.

64. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the TCPA class, without consent.

65. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the TCPA class are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of 15 U.S.C. § 1692d

66. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-62.

67. By placing calls to Plaintiff's telephone number and the telephone numbers of the members of the FDCPA class, in connection with the collection of consumer debts, after Defendant was informed that Plaintiff's telephone number and the telephone numbers of the members of the FDCPA class did not belong to the intended recipient of Defendant's calls, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and the members of the FDCPA class in connection with Defendant's collection of a consumer debt.

68. Accordingly, Defendant violated 15 U.S.C. § 1692d.

69. As a result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiff and the members of the FDCPA class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the classes under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the classes under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the TCPA class, in connection with which it by uses an artificial or prerecorded voice;

f) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the telephone numbers of members of the FDCPA class;

g) Awarding Plaintiff and the members of the TCPA class damages under 47 U.S.C. § 227(b)(3)(B);

h) Awarding Plaintiff and the members of the TCPA class treble damages under 47 U.S.C. § 227(b)(3);

i) Awarding Plaintiff and the FDCPA class damages under 15 U.S.C. § 1692k(a)(1),(2);

j) Awarding Plaintiff and the TCPA class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

k) Awarding Plaintiff and the FDCPA class reasonable attorneys' fees, costs, and expenses under 15 U.S.C. § 1692k(a)(1)(3);

l) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

m) Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: February 8, 2022

/s/ *Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
aradbil@gdrlawfirm.com

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
(561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes